UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIM MUSSELL and CAROL MUSSELL,<br><br>    Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A. FIRST HORIZON HOME LOAN CORPORATION,<br><br>    Defendants. | Case No. 1:13-CV-00188-BLW-REB<br><br>**CASE MANAGEMENT ORDER and ORDER OF REFERENCE TO MAGISTRATE JUDGE** |

To further the efficient administration of this matter,

**NOW THEREFORE IT IS HEREBY ORDERED** that the following recitation of deadlines and procedures shall govern this litigation:

1. Dispositive Motion Deadline: All dispositive motions shall be filed by **December 20, 2013**[1] This deadline will **not** be extended even if you are having discovery disputes.

---

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an overlength brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

    a.    This is the critical event for case management and will dictate when the trial will be set.

    b.    As provided below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions.  To facilitate a prompt trial setting, I will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument.  If a decision is not issued within this time frame, I invite inquiry from counsel as to the status of the decision.

2.    <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall be filed on or before **July 26, 2013**. This deadline shall only be extended for good cause shown.[2] All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target.  Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

3.    <u>Alternative Dispute Resolution Plan</u>:  The parties shall also file an ADR

---

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause."  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

plan by **July 26, 2013**. The ADR plan must indicate the form of ADR that will be utilized and the date on which it will be conducted.

4. Discovery Plan: **All discovery shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules**.

5. Completion of Discovery: All discovery will be completed by **December 6, 2013**. This is a deadline for the <u>completion</u> of all discovery; it is not a deadline for discovery <u>requests</u>. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date. The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after I have ruled on any dispositive issues.

6. Disclosure of Experts:

   a. The Plaintiff shall disclose the experts intended to be called at trial on or before **October 11, 2013**.

   b. The Defendant shall disclose the experts intended to be called at trial on or before **November 8, 2013**.

   c. All rebuttal experts shall be identified on or before **November 22, 2013**.

7. Rules Governing Disclosure of Expert Witnesses: Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the

expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

8. <u>Scheduling of Trial and Pretrial Conference</u>. Plaintiff's counsel shall contact In-Court Deputy Jamie Gearhart within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephone scheduling conference between counsel and me in which the trial and pretrial conference shall be set. If no dispositive motion is filed, Plaintiff's counsel shall immediately contact Ms. Gearhart within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

9. <u>Law Clerk</u>: If counsel has a procedural or legal question that needs to be brought to my attention, please contact Jeff Severson, the law clerk assigned to this case at (208) 334-9025, or the Magistrate Judge's chambers.

10. <u>Calendaring Clerk</u>: With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-9021, or contact the Magistrate Judge's chambers to schedule matters with the Magistrate Judge.

11. <u>Docketing Clerk</u>: If you have a docketing question, please contact a docket clerk at (208) 334-1361.

12. Order of Referral:

**IT IS FURTHER ORDERED** that ALL MATTERS in the above case are referred to United States Magistrate Judge Ronald E. Bush. Judge Bush is directed to conduct all necessary and proper proceedings pertaining thereto.

If the matter is a non-dispositive motion, Judge Bush is directed to enter an appropriate order as to disposition. A party contending the order is clearly erroneous or contrary to law shall file written objections with the court within fourteen (14) days. 28 U.S.C §636(b)(1)(A); Local Rule 72.1.

If the matter is a dispositive motion, Judge Bush may conduct any hearings, including evidentiary hearings and submit to the United States District Court proposed findings of fact and recommendations as to disposition.

A party objecting to the proposed findings and recommendations shall file written objections with the court within fourteen (14) days. The Court will make a de novo determination of those portions to which objection is made. 28 U.S.C. §636(b)(1)(B); Local Rule 72.1.

DATED: **June 27, 2013**

B. LYNN WINMILL
Chief U.S. District Court Judge