UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIM MUSSELL and CAROL MUSSELL,<br><br>    Plaintiffs,<br><br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A. FIRST HORIZON HOME LOAN CORPORATION,<br><br>    Defendants. | Case No. 1:13-cv-00188-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

On May 14, 2014, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation (Dkt. 22), recommending that Defendants' Motion to Dismiss (Dkt. 13) be granted, and that Defendants' Motion to Stay Discovery be deemed moot. Any party may challenge a magistrate judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Magistrate Judge's Report and Recommendation. See 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. The district court

may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. Id.; see also Fed. R. Civ. P. 72(b).

Plaintiffs filed an objection challenging Judge Bush's recommendation that the defendants' motion to dismiss be granted. After considering the plaintiffs' arguments and conducting a *de novo* review of the record, the Court finds that Judge Bush correctly recommended that the motion to dismiss be granted.

## DISCUSSION

Plaintiffs' objection is not altogether easy to follow. Suffice it to say that plaintiffs dispute Judge Bush's decision. However, a review of the record supports Judge Bush's analysis and conclusion.

Judge Bush accurately explained why Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") fails. Judge Bush noted that to the extent it provides a private cause of action, RESPA requires "loan servicers" to respond to certain borrower inquiries regarding the servicing of a loan, including that the loan servicer respond to a "qualified written request," (known as a "QWR") within 60 days. 12 U.S.C. § 2605(e). Although Plaintiffs assert that they made such a request, as pointed out by Judge Bush, the Ninth Circuit has ruled that a demand for access to the original promissory note is not a written request for information relating to the servicing of a home loan. *Williams v. Wells Fargo, N.A.,* 2010 WL 1463521 at *3 (N.D. Cal April 13 2010). And according to *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661 (9th Cir. 2012), information regarding "servicing" of

the loan does not include information about the transactions and circumstances surrounding a loan's origination.

As noted by Judge Bush, Plaintiffs' letters to MetLife did not allege any errors with the loan account nor did they contain any indication that Plaintiffs sought information relating to the servicing of the loan. Accordingly, Plaintiffs' letters were not QWRs, and they did not meet the § 2605(e)(1)(A) requirement that the QWR contain a request for information related to the servicing of the loan.

Likewise, Judge Bush correctly noted that Plaintiffs' RESPA claim failed to allege any actual damages. Section 2605 provides: "Whoever fails to comply with this section shall be liable to the borrower . . . for any actual damages to the borrower as a result of the failure . . . ." 12 U.S.C. § 2605(f)(1)(A). "[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *Swanson v. EMC Mortgage Corp.*, 2009 WL 3627925, *7 (E.D. Cal. 2009).

Regarding Plaintiffs' Truth In Lending Act ("TILA") claim, Judge Bush correctly noted that actions under TILA must be brought within one year of the violation. 15 U.S.C. § 1640(e). Here, the deed of trust assignment to MetLife was recorded November 21, 2011, indicating Plaintiffs should have been notified by December 21, 2011. Thus, Plaintiffs had until December 21, 2012 to file their TILA claim, but did not do so until March 13, 2013. Therefore, the TILA claim is time-barred.

Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim also fails. Plaintiffs argue that MetLife violated the FDCPA by not responding to their inquiries about the loan and then foreclosing upon their property. But actions related to foreclosure proceedings are not covered by the provisions of the FDCPA. *Cherian v. Countrywide Home Loans, Inc.*, 2012 WL 5879281, at *4 (D. Idaho Nov. 20, 2012). Lenders and mortgage companies taking steps involved in foreclosures are not "debt collectors" within the meaning of the FDCPA. *Ines v. Countrywide Home Loans, Inc.*, 2008 WL 2795875, *3 (S.D. Cal. July 18, 2008) (*citing Williams v. Countrywide*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007).

Finally, Plaintiffs' claim for separation of note and deed of trust also fails. Plaintiffs contend that the Uniform Commercial Code requires that Defendants prove they are entitled to enforce the note. This is known as the "show me the note" theory. This argument has been rejected by the Supreme Court of Idaho as a tactic to avoid an otherwise legal non-judicial foreclosure in Idaho. *See e.g., Trotter v. Bank of N.Y. Mellon et al.*, 275 P.3d 857, 862 (Idaho 2012); *see also Meyer v. Bank of America, N.A.*, 2011 WL 458762, *3 (D. Idaho 2011). Judge Bush properly explained that the power to conduct a trustee's sale granted by the Deed of Trust is not equivalent to enforcing an instrument under the Uniform Commercial Code. There is no requirement under Idaho law for the production of the note prior to foreclosing upon the property, a rule that holds in other jurisdictions as well. *See, e.g., Diessner v. MERS*, 618 F. Supp. 2d

1184, 1187 (D. Ariz. 2009); *see also Wayne v. HomEq Servicing, Inc.*, 2008 WL 4642595, *3 (D. Nev. Oct. 16, 2008). Accordingly, Plaintiffs' claim that Defendants were not entitled to enforce the Note because they did not comply with the Uniform Commercial Code fails.

## ORDER

IT IS ORDERED:

1. The Report and Recommendation entered on May 14, 2014 (Dkt. 22) shall be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

2. Defendants' Motion to Strike or, in the Alternative, Motion to Dismiss (Dkt. 13) is **GRANTED**.

3. Defendants' Motion to Stay Discovery (Dkt. 17) is **DEEMED MOOT**.

4. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: September 25, 2014

B. Lynn Winmill
Chief Judge
United States District Court